IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ARTURO HERNANDEZ ESQUIVEL,

      Plaintiff,

v.

TRACY JONES,

      Defendant.

CIVIL ACTION NO.: 5:18-cv-90

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, while incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia ("D. Ray James"), filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in order to challenge certain conditions of his confinement. Doc. 1. After a thorough and careful review of the docket, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua*

**BACKGROUND**[2]

Plaintiff challenges alleged deficiencies in the medical care he received while incarcerated at the D. Ray James Correctional Institution in Folkston, Georgia. Doc. 1. Plaintiff struggles with basic mobility due to an injury to the tendons and ligaments in his left foot. Doc. 1-1. When Plaintiff arrived at D. Ray James, he used an orthopedic boot to help him walk. Id. Though Plaintiff used a similar boot while incarcerated in an Alabama correctional institution, upon his arrival at D. Ray James, Dr. Peter Riggs removed the boot and provided Plaintiff crutches as an alternative. Id. Around two or three months later, Dr. Riggs took the crutches back from Plaintiff, telling Plaintiff that he did not require the crutches to walk. Id. Plaintiff requested a walking stick, citing his medical history and records which discussed his disability. Id. Dr. Riggs initially provided Plaintiff with a walking stick but two months later removed the walking stick, leaving Plaintiff with no other device to assist his mobility.[3] Id. For over a week, Plaintiff attempted to walk without support, moving only with assistance from other inmates or by "clinging [to] the perimeter fence." Id.

On April 24, 2018, Plaintiff was sitting at a chair next to the phone. Doc. 1 at 4–5. When he stood up to go to bed, he fell. Id. He could not get up until other inmates assisted him.

---

*sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[3] Plaintiff writes that Dr. Riggs claimed Plaintiff refused "to accept a walking stick." Id. However, Plaintiff denies this is true. Id. Rather, Plaintiff claims he refused to sign medical documents with an incorrect, past date. Id.

Id. According to Plaintiff, the fall occurred "because [he] didn't have a walking stick because the medical doctor [refused] to give" it back to him. Id. Plaintiff sustained injuries from the fall, including bruising and a "hard pain" in his ribs. Doc. 1-1.

Prison staff brought Plaintiff to the medical unit the same day as his fall, but Plaintiff did not receive medical assistance at that time. Doc. 1 at 4–5. Rather, Plaintiff's appointment with medical staff occurred three days later. Id. While Plaintiff does not describe the treatment provided at that appointment, at some point, Plaintiff submitted a medical request for another walking stick. Doc. 1-1. About a month after submitting this request, he met with Dr. Rick Thomas. Id. Dr. Thomas provided Plaintiff with a walking stick. Id. Since that appointment, the prison has provided Plaintiff with a walking stick. Id. However, Plaintiff still experiences "continuous pain" in his back from his fall. Doc. 1 at 5.

Additionally, Plaintiff alleges that he experienced an adverse reaction to a pill the medical staff prescribed him upon his arrival at D. Ray James. Doc. 1-1. After taking the pill for the first time, Plaintiff experienced a loss of breath. Id. Defendants sent Plaintiff to a doctor who connected Plaintiff to an artificial ventilator. Id. The second time Plaintiff took the pill, he "felt a lack of sight (vision) [in his] eyes" and "couldn't speak." Id. He has since refused to take this pill. Id. However, Plaintiff's vision has continued to worsen. Id. Plaintiff "sent copouts" to see an eye doctor, but this treatment has not been provided. Id.

On November 28, 2018, Plaintiff filed this action against Defendant Jones, the prison's warden, in his official capacity only. Doc. 1 at 2. As relief, Plaintiff seeks $500,000 in damages for his continued loss of vision and his back pain.[4] Doc. 1 at 5.

---

[4] In the portion of the relief requested, Plaintiff states, "I need to see an external specialist outside this institution to check what is happened [sic] with my eyes." Doc. 1 at 5. This is statement is made in support of Plaintiff's claim that he wants "the Institution to pay [him] $500,000." Thus, the Court does not construe this sentence to mean that Plaintiff is seeking non-monetary relief in this action.

3

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Bivens Claim

The United States Supreme Court has held that a federal prisoner cannot bring a Bivens claim against employees of a privately-operated federal prison when state law authorizes

5

adequate alternative actions.[5]  Minneci v. Pollard, 565 U.S. 118, 131 (2012); Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71, 74 (2001).  The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake."  Minneci, 565 U.S. at 125 (quoting Wilkie v. Robbins, 551 U.S. 537, 550 (2007); see also Goia v. CitiFinancial Auto, 499 F. App'x 930, 936 (11th Cir. 2012) ("[T]he Supreme Court has declined to expand Bivens to encompass a suit against private corporations acting under color of federal law." (citing Malesko, 534 U.S. at 71)).

The Court can only recognize a Bivens action against employees of a private corporation if: (1) there are no adequate alternative remedies under state or federal law; and (2) no "special factors" counsel against implying a cause of action.  Robles v. Kane, 550 F. App'x 784, 787 (11th Cir. 2013) (declining to recognize a First Amendment Bivens claim against private employee defendants employed at D. Ray James, including the prison's warden).  State tort law remedies are adequate when they provide roughly similar incentives for defendants to comply with the constitutional right at issue while also providing roughly similar compensation to victims of violations.  Minneci, 565 U.S. at 129–30.  The Eleventh Circuit Court of Appeals has held that, at least as to some claims, Georgia tort law provides federal prisoners held in privately-run facilities "arguably better remedies than a Bivens claim," particularly where state tort law would permit the recovery punitive damages and would apply the principles of *respondeat superior*.  Robles, 550 F. App'x at 788.

D. Ray James is a private entity that operates under a contract with the Federal Bureau of Prisons.  See, e.g., Leiva v. Riggs, No. 5:18-cv-31, 2018 WL 3429739, at *3 (S.D. Ga. July 16,

---

[5]   The Eleventh Circuit foreclosed Bivens claims against privately operated prisons in 2008.  See Alba v. Montford, 517 F.3d 1249, 1254–56 (11th Cir. 2008) (declining to extend Bivens to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

6

2018). The employees of D. Ray James, including Defendant Jones, are employees of the GEO Group, Inc., a private entity. Thus, like the plaintiffs in Minneci, Alba, and Robles, if Plaintiff has adequate state law remedies available to him, he may not maintain a cause of action pursuant to Bivens against the GEO Group, Inc. or its employees.

Georgia tort law provides Plaintiff adequate alternative remedies. See Alba v. Montford, 517 F.3d 1249, 1255 (11th Cir. 2008) (discussing the available state tort claims for Georgia prisoners seeking to challenge the adequacy of either medical care received or medical care policies at a private prison); Scotton v. Johns, No. 5:16-cv-40, 2017 WL 125039, at *5 (S.D. Ga. Jan. 12, 2017) (discussing alternative remedies to Bivens available under Georgia tort law, such as a negligence or malpractice action). For instance, Plaintiff may pursue his claims that he was denied medical care in state court through a claim of medical malpractice. See O.C.G.A. § 9-3-70 (stating that "medical malpractice" includes all claims "arising out of" "[h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care"); O.C.G.A. § 51-1-27 ("A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had."); Alba, 517 F.3d at 1254–55. In fact, Plaintiff possesses an "arguably superior" cause of action in state court, because, unlike in a Bivens action, he can pursue state remedies under a theory of respondeat superior and may have greater options in terms of available damages. See O.C.G.A. § 51-2-2; Robles, 550 F. App'x at 788; Alba, 517 F.3d at 1256, n.7.

Additionally, "[t]o the extent Plaintiff's claims do not fall under the traditional rubric of medical malpractice, Plaintiff could also bring his claims under Georgia negligence law." Galloway v. CCA McRae Corr. Facility, No. 3:14-cv-067, 2016 WL 4197588, at *3 (S.D. Ga.

7

Aug. 8, 2016); see, e.g., ARA Health Servs. v. Stitt, 551 S.E.2d 793, 794–95, 798 (Ga. Ct. App. 2001) (affirming judgment for former inmate who brought claims of negligence and medical malpractice against doctor, prison officials, and medical services corporation for improper medical care while in prison); see also Johnson v. Am. Nat'l Red Cross, 569 S.E.2d 242, 247 (Ga. Ct. App. 2002) (to state a negligence claim a plaintiff must prove: "(1) a legal duty to conform to a standard of conduct; (2) a breach of this duty; (3) a causal connection between the conduct and the resulting injury; and (4) damage to the plaintiff" (citations omitted)).

For these reasons, Plaintiff cannot maintain his Bivens action for monetary damages against Defendant Jones. Plaintiff's remedy lies in state court under Georgia tort law. Accordingly, I **RECOMMEND** the Court **DISMISS** this action.

## II.   Supervisory Liability Under Bivens

As discussed above, Plaintiff brings this action for money damages only. Doc. 1 at 5. However, to the extent Plaintiff's statement regarding his need to see an external specialist could be construed as a request for injunctive relief—which the Court finds it should not be— Plaintiff's Complaint would still be subject to dismissal. Plaintiff does not allege that Defendant Jones had any personal involvement with the alleged denial of medical care. Liability in a Bivens action must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens . . . a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff fails to provide any facts showing Defendant Jones's personal involvement in the constitutional violation he alleges and only seeks to hold Defendant Jones liable as an employer of the officials who allegedly failed to provide timely medical care. Because supervisory

liability is an improper basis for liability in a Bivens action, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint on this additional ground.

## III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier, 314 F.3d at 531; see also Brown v. United States, Nos. 4:07-cv-085, 4:03-cr-001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

9

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of July, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA